UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JAMES EMORY JONES, JR.,

Defendant.

Criminal Action No. TDC-17-0006-6

**MEMORANDUM ORDER**

Defendant James Emory Jones, Jr., a federal prisoner at the Federal Correctional Institution Cumberland ("FCI-Cumberland") in Cumberland, Maryland, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 630. In his Motion, Jones seeks release based on the COVID-19 pandemic and medical conditions which he argues have placed him at higher risk of severe illness from COVID-19, as well as based on family circumstances and post-offense rehabilitation. Jones has separately filed a Motion for Appointment of Counsel, ECF No. 642.

On September 20, 2017, Jones pleaded guilty to possession with intent to distribute 1 kg or more of phencyclidine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). On April 11, 2018, Jones was sentenced to a total term of imprisonment of 126 months, to be followed by five years of supervised release. In light of credit for pretrial detention and projected good time credits, Williams is currently scheduled to be released on March 17, 2026.

## DISCUSSION

### I. Motion for Appointment of Counsel

Upon receipt of Jones's Motion for Compassionate Release, the Court requested that the Office of the Federal Defender for the District of Maryland ("OFD") review the Motion and inform the Court whether it would seek to enter an appearance on behalf of Jones. After such a review, the OFD declined to do so. Jones then filed his Motion for Appointment of Counsel. Where the OFD has reviewed the Motion and declined to represent Jones, and the Court has itself reviewed the Motion and concluded both that Jones has fairly articulated the bases for his Motion and that appointment of counsel will not materially alter the outcome of the Motion, the Motion for Appointment of Counsel will be denied.

### II. Motion for Compassionate Release

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Federal Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)  in any case that—
>
>   (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility,

> whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Where Jones has submitted documentation that he made a request for compassionate release to the Warden of FCI-Cumberland, and that the request was denied, the Court finds that he has exhausted administrative remedies.

## I. Extraordinary and Compelling Reasons

Jones, who is 45 years old, argues that the COVID-19 pandemic and his present medical conditions, specifically hypertension and obesity, present "extraordinary and compelling reasons" warranting a sentence reduction to time served. 18 U.S.C. § 3582(c)(1)(A)(i). Generally, in the context of the COVID-19 pandemic, the Court has found that extraordinary and compelling reasons could exist when an inmate has a condition that places the inmate at high risk for severe illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19. Hypertension and obesity are recognized high-risk factors for severe illness from COVID-19. *See Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 26, 2022). However, even accepting that Jones has such conditions, the risk he faces from COVID-19 has been reduced significantly over the past year because of the availability of the COVID-19 vaccine. Although Jones does not specify whether he has been vaccinated, the BOP reports that 1,197 inmates have been fully vaccinated at FCI-

3

Cumberland, which at any given time has a population of 1,125 inmates, reflecting that the vaccine is available to inmates like Jones. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 26, 2022). Further, at the present time, likely because of the availability of the vaccine, FCI-Cumberland has only a limited number of active cases of COVID-19 among inmates. *See id.* (reporting 23 active cases among inmates). Significantly, Jones acknowledges that he previously tested positive for COVID-19 in January 2021, before vaccines were readily available, but does not claim that he had a severe case at that time. Under these circumstances, even considering Jones's medical conditions, the Court does not find that the present impact of COVID-19 on Jones satisfies the requirement of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Further, the Court also finds that Williams's additional proffered reasons for a sentence reduction do not constitute "extraordinary and compelling reasons." *Id.* Although Jones reports that his family is facing difficulty arranging for childcare for his two minor children, because their mother is unavailable and his parents are now in their 60s and have health issues, the factual circumstances as reported are not so extraordinary as to meet this standard. Likewise, Jones's specific post-offense rehabilitation, which includes taking multiple classes, including for paralegal training, is highly commendable, but it is not so extraordinary as to warrant a sentence reduction under the applicable standard. Finally, although the Court agrees that the circumstances of the COVID-19 pandemic have resulted in more stringent conditions and limitations on programming at FCI-Cumberland that negatively impact Jones, the specific circumstances do not rise to the level of "extraordinary and compelling reasons" justifying a sentence reduction.

## II.     18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were very serious. Jones was engaged in drug trafficking involving a significant volume of phencyclidine ("PCP"), a drug that has had a severe impact on the local community, as well crack cocaine and cocaine. He possessed firearms in conjunction with that dealing. The drug trafficking was also connected to a broad drug trafficking conspiracy that involved seven co-defendants. Under these circumstances, and with Jones's criminal history at the time, the original total sentence of 126 months, which included a 10-year mandatory minimum sentence, was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). Even accounting for his post-offense rehabilitation and the greater severity of the conditions of confinement, where at this time, Jones has served only approximately 64 months of his sentence, or approximately 50 percent of his sentence, a sentence reduction to time served is not compatible with the § 3553(a) factors and the purposes of sentencing. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Jones's Motion for Appointment of Counsel, ECF No. 642, and Jones's Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 630, are DENIED.

Date:  July 26, 2022

THEODORE D. CHUANG
United States District Judge